IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD DAIVD WILLIAMS, and MARY ELLEN WILLIAMS, husband and wife, <br><br> Plaintiffs, <br><br> v. <br><br> HAIGOOD & CAMPBELL, L.L.C., a foreign limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. CIV-05-153-T ) ) ) ) ) |

## ORDER

The Court has before it "Plaintiffs' Unopposed Application for Order Dismissing Punitive Damage Claims with Prejudice." In the Application, Plaintiffs' state that "Defendant . . . has no objection to this Application." Plaintiffs do not, however, cite any authority in support of their Application.

> A plea for punitive damages is generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action. Richardson v. Arizona Fuels Corp., 614 P.2d 636, 640 (Utah 1980); Gould v. Starr, 558 S.W.2d 755, 770 (Mo.App.1977), cert. denied 436 U.S. 905, 98 S.Ct. 2236, 56 L.Ed.2d 403 (1978); Cook v. Atlantic Coast Line R. Co., 183 S.C. 279, 190 S.E. 923, 924 (1937). The plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages. Eckels v. Traverse, 362 P.2d 680, 683 (Okla.1961). Contractor's Safety Ass'n v. Cal. Comp. Ins. Co., 48 Cal.2d 71, 307 P.2d 626, 629 (1957).

Rodebush v. Oklahoma Nursing Homes, Ltd., 867 P.2d 1241, 1247 (Okla. 1993).

Accordingly, the Court DENIES "Plaintiffs' Application for Order Dismissing Punitive Damage Claims with Prejudice" (Doc. No. 61). The Court will, however, accept Plaintiffs' binding stipulation that their prayer for damages no longer includes a request for punitive or exemplary damages.

IT IS SO ORDERED this 28th day of September, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE